

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**LAWRENCE S. HAN**
(516) 357-3148
lawrence.han@rivkin.com

August 17, 2022

**VIA ECF**

Hon. J. Paul Oetken, USDJ
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:   Guerrero v. Recovery for Athletes, LLC
             Action No.: 22-cv-02584-JPO
             RR File No.:  12588-1

Dear Honorable J. Paul Oetken:

      This office represents defendant Recovery for Athletes, LLC ("Defendant") in the above-mentioned lawsuit. We respectfully write to address the parties' settlement and to present the parties' joint request for judicial approval of the Consent Decree enclosed herewith.

      Plaintiff Edelmira Guerro ("Plaintiff") is a visually impaired and legally blind person who commenced this putative class action lawsuit against Recovery for Athletes, LLC ("Defendant") alleging that Defendant failed to design and maintain its website so as to be fully accessible to Plaintiff and other blind or visually impaired people, who use a screen-reading software. Plaintiff claims that Lafayette's conduct violates Title III of the American Disability Act ("ADA") and the New York City Human Rights Law ("NYCHRL").  While Defendant does not admit any liability, the parties have reached an early settlement in order to avoid the cost and inconvenience of litigation and to resolve the issues raised in this action in a mutually acceptable fashion.

      The enclosed Consent Decree, which was part of the parties' settlement negotiations, is designed to protect Defendant against claims by other potential plaintiffs who may come forward to assert similar claims based on the alleged ADA violations, which are already being addressed and resolved pursuant to this settlement between the parties to this action. In that regard, the Consent Decree "(1) spring[s] from and serve[s] to resolve a dispute within the court's subject-matter jurisdiction, (2) come[s] within the general scope of the case made by the pleadings, and (3) further[s] the objectives of the law upon which the complaint

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

RIVKIN RADLER LLP

August 17, 2022
Page 2

was based." E.g., *Kozlowski v. Coughlin*, 871 F.2d 241, 244 (2d Cir. 1989) (citing *Local Number 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986)); *Crosson v. Popsockets LLC*, No. 19-cv-200 (CBA)(LB), 2019 U.S. Dist. LEXIS 175824, 2019 WL 6134416 (E.D.N.Y. Oct. 8, 2019), adopted by 2019 U.S. Dist. LEXIS 200562, 2019 WL 6134153 (Nov. 19, 2019); *see also*, *Figueroa v. Arhaus, LLC*, No. 18 Civ. 10491 (GWG) (S.D.N.Y. Feb. 20, 2019) (DE 16) (applying the above standard in a similar ADA action to approve a consent decree in an action between private parties).

   Accordingly, we respectfully request that this Court so-order the enclosed Consent Decree for all the reasons set forth above. We are, of course, available to discuss the matter at the Court's convenience.

                        Respectfully submitted,

                         RIVKIN RADLER LLP

                         *Lawrence S. Han*
                         Lawrence S. Han

cc:  All counsel of record via ECF

enc.

5911486.v1